363 So.2d 458 (1978)
STATE of Louisiana
v.
Alphonse JOHNSON.
No. 61869.
Supreme Court of Louisiana.
October 9, 1978.
*459 R. Judge Eames, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie B. Brown, Dist. Atty., Marilyn C. Castle, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged the defendant, Alphonse Johnson, with armed robbery, a violation of LSA-R.S. 14:64. In January of 1970, a jury found him guilty. While awaiting sentence, the defendant escaped. In August, the State located him in Michigan, where he was subsequently convicted of two crimes and sentenced to ten to fifteen years' imprisonment. Correspondence passed between Louisiana and Michigan in which Louisiana repeatedly issued detainers, inquired if the defendant would waive extradition and requested the defendant for sentencing. Louisiana, however, instituted no formal proceedings for his return.
In August of 1977, Michigan paroled the defendant. He then waived extradition and returned to Louisiana. In December, 1977, the court sentenced him to thirty-five years' imprisonment without benefit of probation, parole, or suspension of sentence, but with credit for time served in both Louisiana and Michigan.
*460 The defendant appeals, relying on four assignments of error for reversal of his conviction and sentence.

ASSIGNMENT OF ERROR NO. 1
The defendant asserts that the seven-year delay between his conviction and sentence denied him a speedy trial and speedy appeal guaranteed him by the United States and the Louisiana Constitutions, requiring a reversal of his conviction and sentence. This assignment raises a substantial issue.
The issue is whether the Sixth Amendment to the United States Constitution and Article 1, § 16 of the Louisiana Constitution (1974), guaranteeing the defendant a right to a speedy trial, include a right to a speedy appeal and a right to a speedy sentence. We hold that the right to a speedy trial is inapplicable to the appellate and sentencing stages of a criminal prosecution.
This Court has previously held that the constitutional guarantee of a speedy trial does not extend to delays in the appeal. State v. Rhodes, La., 308 So.2d 770 (1975); State v. Lane, La., 302 So.2d 880 (1974). See also State v. Lagerquist, 254 S.C. 501, 176 S.E.2d 141 (1967); State v. Tahash, 277 Minn. 309, 152 N.W.2d 786 (1967).
In Pollard v. United States, 352 U.S. 354, 77 S.Ct. 481, 1 L.Ed.2d 393 (1957), the United States Supreme Court "assume[d] arguendo" that the Speedy Trial Clause applied to sentencing for purposes of the decision. Considering this assumption, some courts have applied the Speedy Trial Clause to sentencing. See, e. g., Juarez-Casares v. United States, 496 F.2d 190 (5th Cir. 1974). However, neither the United States Supreme Court nor this Court has ever squarely passed upon the question of whether the guarantee of a speedy trial extends to sentencing.
The Sixth Amendment reads as follows:
"In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence."
Article 1, § 16 of the Louisiana Constitution provides:
"Every person charged with a crime is presumed innocent until proven guilty and is entitled to a speedy, public, and impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law. No person shall be compelled to give evidence against himself. An accused is entitled to confront and cross-examine the witnesses against him, to compel the attendance of witnesses, to present a defense, and to testify in his own behalf."
When the words are given their fair import in connection with the context, both clauses are properly construed as referring to the adversary hearing that determines guilt or innocence. By its terms, the Sixth Amendment applies to an accused. See Dillingham v. United States, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). It refers "to a speedy and public trial, by an impartial jury." The Amendment later assures the right to be confronted by the witnesses and the right to compulsory process to secure the witnesses.
The Louisiana clause refers to a "person charged with a crime" and to a "speedy, public, and impartial trial in the parish where the offense or an element of the offense occurred." It then adverts to a change of venue, the right against self-incrimination, and to the confrontation of witnesses. None of the language in either clause is relevant to sentencing.
Three considerations underlie the right to a speedy trial: to prevent undue and oppressive incarceration prior to trial; *461 to minimize anxiety and concern accompanying public accusation; and to limit the possibilities that long delay will impair the ability of an accused to defend himself. Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Marion, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966). None of these concerns apply to a delay between conviction and sentencing. Brooks v. United States, 423 F.2d 1149 (8th Cir. 1970); State v. Drake, Iowa, 259 N.W.2d 862 (1977); Erbe v. State, 276 Md. 541, 350 A.2d 640 (1976), quoting from Erbe v. State, 25 Md.App. 375, 336 A.2d 129 (1975). Obviously, the evils of lengthy pre-trial detention and impeded trial defenses are irrelevant after conviction. The factor of anxiety of the accused refers to a presumptively innocent defendant who must live under a cloud of suspicion until he has an opportunity to establish his innocence. Erbe v. State, supra.
Other principles support the view that sentencing is not a part of the traditional notion of trial. The term "trial" is defined as the proceedings to determine a defendant's guilt or innocence, commencing with the empaneling of the jury and ending with a rendition of the verdict. Jeffries v. Municipal Court of City of Tulsa, Okl.Cr., 536 P.2d 1313 (1975); Black's Law Dictionary 1675 (4th ed. 1968). See also State v. Hughes, 170 La. 1063, 129 So. 637 (1930). Moreover, sentencing is not a step in the normal order of trial. LSA-C.Cr.P. Art. 765. The defendant may be afforded a new trial prior to sentencing. LSA-C.Cr.P. Art. 853. Finally, we note that the imposition of sentence may be deferred for five years as a support for probation. LSA-C.Cr.P. Art. 893.
The American Bar Association "Standards Relating to Speedy Trial" (Approved Draft, 1968) makes no reference to sentencing. An examination of the standards indicates that the American Bar Association authorities did not regard sentencing procedure as part of the trial.
In conclusion, we hold that the defendant's constitutional right to a speedy trial does not encompass sentencing or appeal.
The defendant, however, is statutorily entitled to imposition of sentence "without unreasonable delay." LSA-C. Cr.P. Art. 874. Without determining the reasonableness of the delay here, we hold that the defendant is not entitled to have his conviction and sentence set aside, since he sustained no prejudice by the delay in its imposition. LSA-C.Cr.P. Art. 921. The defendant received credit for all time served in Michigan and Louisiana between the trial and sentencing.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
The defense avers that his 35-year sentence is unjust and excessive because it is greater than those sentences imposed in the early 1970's for armed robbery.
In pronouncing sentence, the trial judge noted that the defendant threatened the victim with a knife and that he had a prior criminal record. The trial judge, however, did not consider the Michigan convictions, which occurred after the conviction for which he was being sentenced. The trial judge stated that he would "insofar as humanly possible" impose the same sentence that a court would have imposed at the time of the conviction in 1970.
Armed robbery carries a minimum sentence of five years and a maximum of ninety-nine. LSA-R.S. 14:64. A sentence falling within the statutory limits is generally not subject to review. State v. Gambino, La., 362 So.2d 1107 (1978) and the cases cited therein. Assuming arguendo that we may constitutionally review the instant sentence (State v. Kemp, La., 359 So.2d 978 (1978)), we conclude that the trial judge did not abuse his discretion in sentencing the defendant to 35-years' imprisonment.
This assignment of error is without merit.
We have examined the remaining assignments of error and find that the allegations are insubstantial.
*462 For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs.