732 So.2d 74 (1999)
STATE of Louisiana
v.
Feltus STEWART.
No. 98-KA-1215.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1999.
Harry F. Connick, District Attorney, Susan Erlanger Talbot, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Christopher Albert Aberle, Louisiana Appellate Project, Mandeville, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge MIRIAM G. WALTZER and Judge Pro Tempore PHILIP C. CIACCIO.
ARMSTRONG, Judge.
The defendant appeals his resentencing only.[1] Feltus Stewart was convicted after a judge trial on March 12, 1991, of two counts of distribution of heroin and one count of possession of heroin with intent to distribute. On May 30, 1991, the trial court sentenced the defendant to life imprisonment at hard labor. The defendant appealed, and his convictions were affirmed but, because this Court found that only one sentence was imposed for his three convictions, his sentence was vacated and the case was remanded for resentencing. State v. Stewart, 92-0474 (La.App. 4th Cir. 5/27/93), (unpub.), writ denied, 93-1710 (La.10/1/93).
On September 11, 1996, the defendant filed a supervisory writ to this Court complaining that he had not been resentenced and requesting an order to the trial court for resentencing. This Court granted the writ and ordered that the defendant be resentenced within thirty days. State v. Stewart, 96-K-2070 (La.App. 4th Cir. 10/9/96). Thirty days later, the defendant filed another writ because he had not been *75 resentenced; this Court again ordered the trial court to resentence him. State v. Stewart, 96-K-2471 (La.App. 4th Cir. 10/10/96). On February 3, 1997, the defendant was sentenced to three terms of life imprisonment; each was imposed without benefit of probation or suspension of sentence.
The defendant next filed a pro se motion to reconsider his sentence on February 5, 1997; the trial court did not rule on the motion. He then filed a writ asserting that the trial court's failure to rule on his motion was preventing him from taking an appeal. This Court granted his writ and ordered the trial court to rule on the motion to reconsider and the motion for an appeal within thirty days. State v. Stewart, 97-K-0846 (La.App. 4th Cir. 5/27/97).[2] On August 18, 1997, the defendant appeared before the trial court and was resentenced to three life sentences. The record contains two minute entries for August 18th; according to one entry the defendant was sentenced without benefit of probation or suspension of sentence; according to the other, the defendant was sentenced without benefit of parole, probation, or suspension of sentence. Both minute entries indicate that the defendant's motion for an appeal was granted, but neither states that the trial court ruled on the motion to reconsider the sentence. No tapes of the August 18th proceeding could be found according to defense counsel's brief. The defense concedes that remand is not necessary in order to review the issue presented here. The defense properly notes that the minute entry reflecting the sentence as three terms of life imprisonment without benefit of probation or suspension of sentence is consistent with the sentence imposed by the trial court on February 3, 1997, and is in accordance with the law. La. R.S. 40:966(B)(1). Accordingly, the conflicting minute entry will be disregarded.
The facts of the case are not at issue here.
The defense now argues that the defendant is entitled to be discharged from custody because of the unreasonable delay in sentencing.
Under La.C.Cr.P. art. 874, a "[s]entence shall be imposed without unreasonable delay." The Louisiana Supreme Court considered this issue and stated:
Principles of fundamental fairness dictated by the due process clause of the Fourteenth Amendment prohibit inordinate delays in post-conviction proceedings such as imposition of sentence ... when the delays cause prejudice to the defendant.
.... In determining whether the delay was unreasonable or prejudicial, the court should adopt a flexible approach in which all of the circumstances are evaluated.
State v. Duncan, 396 So.2d 297, 299 (La. 1981).
The defense cites numerous cases to support the position that the defendant should be released because of the forty-month delay in resentencing. For instance in City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980), a defendant, who pleaded guilty to driving while intoxicated was sentenced four years later to serve thirty days; the sentence was suspended, and he was placed on one year's unsupervised probation. The Supreme Court granted writs to review the defendant's motion to quash and found an unjustified delay; the court reversed the trial court's denial of the motion to quash.
Similarly in State v. Milson, 458 So.2d 1037 (La.App. 3rd Cir.1984), a defendant pleaded guilty to manslaughter and was not sentenced for four and one-half years to serve ten years at hard labor. When *76 the defendant filed a motion to quash the sentence because of the delay in sentencing, the trial court denied the motion but vacated the sentence and re-sentenced the defendant to serve six years at hard labor. The Third Circuit, on finding the delay unreasonable and unjustified, declared that the reduced sentence did not cure the problem. The sentence was vacated and the defendant ordered discharged. The defense argues for a similar outcome in the case at bar.
The cases cited by the defense can be distinguished from the case at bar, however, in that the trial courts had some discretion in determining the length of the sentence to be imposed in those cases. In the case at bar, the sentences are three mandatory life terms. The defendant's convictions were affirmed, and he had received a sentence of life when his sentence was vacated so that three mandatory life terms could be imposed.
This case is similar to State v. Johnson, 363 So.2d 458, 461 (La.1978), where seven years occurred between the defendant's conviction and sentence.[3] The defendant argued that his right to a speedy trial had been violated, and the Supreme Court held that the right to a speedy trial does not encompass sentencing. The court then stated that under La.C.Cr.P. art. 874 the defendant was "entitled to imposition of sentence `without unreasonable delay'." The court declined to determine the reasonableness of the delay, but declared, "we hold that the defendant is not entitled to have his conviction and sentence set aside, since he sustained no prejudice by the delay in its imposition."
The case at bar is also similar to State v. Dorsey, 95-1084 (La.App. 3rd Cir. 3/20/96), 672 So.2d 188, writ denied 96-0994 (La.9/27/96), 679 So.2d 1359, where a defendant pled guilty to issuing worthless checks in 1991 and was sentenced in 1995 to serve six years at hard labor. On appeal he argued that the delay in sentencing was unreasonable and illegal. During the four-year interval between conviction and sentencing, the defendant had been first released on bond to make restitution and then twice incarcerated on unrelated matters. On appeal, the Third Circuit affirmed the defendant's sentence on the basis that some of the delays were caused by the defendant and also because no prejudice to the defendant could be shown by the delay. The Third Circuit relied on La.C.Cr.P. art. 921 which states:
A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.
In the case at bar, the defendant was originally sentenced eighteen days after his conviction to life imprisonment. After his convictions were affirmed and his sentence vacated, three years and four months passed before the defendant was resentenced.[4] Even though none of the delay can be attributed to the defendant, no prejudice can be found because he could not have expected a less severe sentence. Like the defendant in State v. Dorsey, he cannot not show that he suffered any prejudice by the delay in sentencing.
Therefore, because the defendant suffered no prejudice during the three year and four month delay, there is no merit in his argument. Accordingly, the defendant's three sentences of life imprisonment *77 without benefit of probation or suspension of sentence are affirmed.
SENTENCES AFFIRMED.
NOTES
[1] There are several procedural issues in this case: the first is the defense's contention that this action should be considered a writ rather than an appeal. The matter is presented as an appeal, and the record indicates the defendant sought an appeal. Thus, this Court will treat this matter as an appeal.
[2] Although there is no indication in the record that the trial court ruled on the motion for reconsideration of sentence, the defense concedes that the minute entry reflecting that the district court amended the sentence may be considered a ruling on the motion to reconsider.
[3] After the defendant was convicted and before he was sentenced, he escaped. Eight months later he was found in Michigan where he was convicted of two crimes and sentenced to ten to fifteen years. Seven years later he was paroled in Michigan and returned to Louisiana; he was sentenced to thirty-five years without benefits, but with credit for time served in Michigan.
[4] The State points out that after this Court affirmed his convictions, the defendant sought a writ of review, and the delay began when the Louisiana Supreme Court denied his writ on October 1, 1993.