972 So.2d 381 (2007)
STATE of Louisiana
v.
James E. WATKINS.
No. 2007-KA-0789.
Court of Appeal of Louisiana, Fourth Circuit.
November 21, 2007.
*382 Eddie J. Jordan, Jr., District Attorney, Alyson Graugnard, Assistant District Attorney, Brad Scott, Intern, Tulane Law School, New Orleans, LA, for Plaintiff/Appellee.
Sherry Watters, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
(Court composed of Judge DENNIS R. BAGNERIS, SR., Judge TERRI F. LOVE, and Judge LEON A. CANNIZZARO, JR.).
DENNIS R. BAGNERIS, SR., Judge.
Defendant James E. Watkins appeals his conviction and sentence for distribution of cocaine, a violation of La. R.S. 40:967(A)(1). Watkins pleaded not guilty and was found guilty as charged during a trial by a twelve-person jury. On that date the trial court set sentencing for August 1, 2005. On August 4, 2005, sentencing was reset for September 2, 2005. Hurricane Katrina struck the city of New Orleans on August 29, 2005.
The next minute entry, dated August 23, 2006, reflects that on that date a "pretrial" conference was set for August 30, 2006. On August 30, 2006, the trial court set sentencing for September 29, 2006. On September 29, 2006, the trial court set a pre-sentence investigation for December 8, 2006. On December 8, 2006, the court reset the pre-sentence investigation to January 25, 2007. On January 25, 2007, noting that the pre-sentence investigation was due on March 1, 2007, the trial court set sentencing for March 21, 2007. On March 21, 2007, the trial court reset sentencing for March 22, 2007. On March 22, 2007, the trial court sentencing for March 23, 2007.
On March 23, 2007, the trial court sentenced Watkins to five years at hard labor, with credit for time served, to run concurrently with any and all other counts. On that same date, Watkins filed oral motions to reconsider sentence and for appeal. On March 27, 2007, Watkins filed written motions for appeal and for reconsideration of sentence. Watkins' motion for appeal was granted on May 4, 2007.

FACTS
We briefly reiterate the facts since they are not relevant to the issue presented by Watkins' sole assignment of error. Watkins sold illegal narcotics to an undercover police officer. A five-dollar bill seized from Watkins was identified as the one previously "recorded" in the under cover operation. The transaction was videotaped. The New Orleans Police Department Crime Lab report indicated that the evidence received in the undercover operation tested positive for the presence of cocaine.

ERRORS PATENT
A review of the record reveals one error patent. Watkins was charged with and convicted of distribution of cocaine, a violation of La. R.S. 40:967(A)(1). Watkins was sentenced to five years at hard labor. La. R.S. 40:967(B)(4)(b) sets the penalty for distribution of cocaine, and provided, at the time of the defendant's *383 arrest, for imprisonment at hard labor for not less than two nor more than thirty years, with the first two years of the sentence being without the benefit of parole, probation or suspension of sentence. The statute also provided, in addition to the term of imprisonment, that the defendant could be fined not more than fifty thousand dollars.
The trial court failed to stipulate that the first two years of Watkins' sentence be without benefit of parole, probation or suspension of sentence. Thus, the sentence was illegally lenient.
However, La. R.S. 15:301.1(A) provides that the failure of a sentencing court to specifically state that all or a portion of the sentence is to be served without benefit of parole, probation or suspension of sentence shall not in any way affect the statutory requirement that all or a portion of the sentence be served without the benefit of parole, probation or suspension of sentence. La. R.S. 15:301.1(A) deems that those required statutory restrictions are contained in the sentence, whether or not imposed by the sentencing court, and this paragraph self-activates the correction, eliminating the need to remand for a ministerial correction of the illegally lenient sentence resulting from the failure of the sentencing court to impose the restrictions. State v. Williams, XXXX-XXXX, p. 10 (La.11/28/01), 800 So.2d 790, 799; State v. Newman, XXXX-XXXX, p. 10 (La.App. 4 Cir. 7/7/04), 879 So.2d 870, 876.
Accordingly, this error patent requires no action by this court.

ASSIGNMENT OF ERROR
By his sole assignment of error Watkins argues that the trial court violated his right to be sentenced within a reasonable time by the twenty-one (21) month delay in sentencing him after his June 14, 2005 conviction, and that he is therefore entitled to have his conviction and sentence reversed.
La.C.Cr.P. art. 874 states that "[s]entence shall be imposed without unreasonable delay."
Watkins cites State v. McQueen, 308 So.2d 752 (La.1975), a case in which the court considered the time for filing a habitual offender bill of information. The defendant in McQueen was sentenced to nine years at hard labor on December 14, 1970, on a conviction for simple burglary. On July 30, 1974, the district attorney filed a habitual offender bill of information. The defendant filed a motion to quash on the ground that the bill of information had not been timely filed. The trial court denied the motion. The trial court subsequently adjudicated the defendant a third-felony habitual offender, vacated the original sentence, and resentenced the defendant to eighteen years at hard labor.
On appeal, the Louisiana Supreme Court in McQueen held that La.C.Cr.P. art. 874 controlled the situation. The court noted that the sanction for unreasonable delay, intimated in Official Comment "c" to the article, was to divest the trial court of jurisdiction to sentence the defendant. The court found that La. R.S. 15:529.1, the Habitual Offender Statute, required the habitual offender bill of information to be filed within a reasonable time after the necessary information is available to the district attorney. The court further found that the failure of the district attorney to file the habitual offender bill of information within a reasonable time after having the necessary information is not sanctioned by La. R.S. 15:529.1, but is prohibited by La.C.Cr.P. art. 874. The court further found that an unreasonable delay in filing the habitual offender bill of information divests the trial court of jurisdiction to sentence the defendant as a habitual offender. *384 The court concluded that the "unexplained" forty-four month delay in the district attorney's filing of the habitual offender bill of information in that case was unreasonable. The court reversed the trial court's denial of the defendant's motion to quash the habitual offender bill of information, vacated the habitual offender sentence, and reinstated the original sentence.
In State v. Johnson, 363 So.2d 458 (La.1978), the Louisiana Supreme Court held that the right to a speedy trial guaranteed by the Sixth Amendment to the U.S. Constitution and La. Const. art. 1, § 16 does not apply to sentencing delays. The defendant was convicted in Louisiana in January 1970 of armed robbery. The defendant escaped while awaiting sentence, but was located in Michigan, where he was subsequently convicted of two offenses and sentenced to ten to fifteen years imprisonment. Louisiana repeatedly issued detainers and requested the defendant for sentencing, but instituted no formal proceedings for his return. Michigan paroled the defendant in August 1977. He waived extradition and returned to Louisiana where, in December 1977, he was sentenced to thirty-five years at hard labor, with credit for time served in both Louisiana and Michigan. On appeal, the court held that the defendant was statutorily entitled to imposition of sentence without unreasonable delay. The court pretermitted determination as to the reasonableness of the delay in sentencing in the case. The court noted that the defendant received credit for all time served in Michigan and Louisiana between the trial and sentencing and, citing La.C.Cr.P. art. 921,[1] it held that the defendant was not entitled to have his conviction and sentence set aside because he had sustained no prejudice by the delay in sentencing. Johnson, 363 So.2d at 461.
In State v. Stewart, 98-1215 (La.App. 4 Cir. 3/10/99), 732 So.2d 74, this court found that the defendant was not entitled to be discharged from custody because of an unreasonable delay in sentencing, forty months, because he had failed to show that the delay had prejudiced him. The defendant was convicted on March 12, 1991 of two counts of distribution of heroin and one count of possession of heroin with intent to distribute, and sentenced on May 30, 1991 to life imprisonment. In a May 1993 unpublished decision, this court affirmed the defendant's conviction but, because only one sentence had been imposed for the three convictions, vacated his sentence and remanded for resentencing. In September 1996, the defendant filed a supervisory writ in this court complaining that he had not been sentenced. This court granted the writ and ordered that the defendant be resentenced within thirty days. Following another writ by the defendant and another order by this court, the trial court resentenced the defendant in February 1997 to three terms of life imprisonment. In a subsequent appeal, the defendant argued that he was entitled to be released from custody because of the unreasonable delay in resentencing. This court found that although none of the delay could be attributed to the defendant, he had not been prejudiced, and thus was not entitled to be discharged.
In State v. Howard, 2000-2700 (La.App. 4 Cir. 1/23/02), 805 So.2d 1247, the defendant was convicted on February 13, 1998. The State filed a habitual offender bill of information to which the defendant pleaded not guilty on March 20, 1998. The *385 State amended the bill, to which the defendant pleaded not guilty on April 17, 1998. On October 6, 1999, the trial court, erroneously believing a habitual offender hearing had been held, sentenced the defendant as a habitual offender. On appeal, this court discovered that no habitual offender hearing had been held and remanded the case on January 13, 2001. On September 14, 2001, the trial court held a habitual offender hearing. The defendant was adjudicated a second-felony habitual offender and sentenced to seventeen years at hard labor. On appeal, the defendant argued that he was entitled to immediate release due the delay in sentencing. Although this court found that all the delays in sentencing occurred through the acts and omissions of the trial court, it found no evidence that the defendant had been prejudiced by the delay, and thus found no merit to the assignment of error.
In both Stewart, supra, and Howard, supra, this court noted that the sentences eventually imposed by the trial court were the mandatory (Stewart) or minimum (Howard) sentences. That notation obviously was made in Howard simply as an aside to Stewart, where this court stated that the fact that the sentences in that case were mandatory life sentences distinguished the case from two decisions cited by the defendant, City of Baton Rouge v. Bourgeois, 380 So.2d 63 (La.1980) and State v. Milson, 458 So.2d 1037 (La.App. 3 Cir.1984). Bourgeois and Milson were both decisions in which the courts essentially found that unreasonable and unjustified delays in sentencing warranted the discharge of the defendants.
In Bourgeois, the defendant pleaded guilty to a first offense DWI on December 12, 1974, and the trial court deferred sentencing until receipt of a pre-sentence investigation report. In the interim, the defendant was free, apparently on bond, and moved to another parish. No further action was taken until December 21, 1978, when a bench warrant was issued for the defendant's arrest. The defendant filed a motion to quash on the grounds of an unreasonable delay in sentencing. The trial court denied the motion and sentenced the defendant to pay a fine of $200.00, serve thirty days in prison, suspended, with one year unsupervised probation. On appeal, the Louisiana Supreme Court found the delay to be "extreme and unjustifiable," characterizing the offense as "relatively minor," and found that the trial court had erred in denying the motion to quash. Bourgeois, 380 So.2d at 64. The court remanded for further proceedings consistent with its decision.
In Milson, the defendant was indicted for first-degree murder, but pleaded guilty to manslaughter on August 13, 1979. The trial court deferred sentencing, ordered a presentence investigation report, and released the defendant on bond. No further action was taken until January 17, 1984, when the trial court sentenced the defendant to ten years at hard labor. The trial court denied the defendant's motion to quash the sentence because of an unreasonable delay in sentencing, but granted his alternative request to reconsider the sentence in light of the delay. On resentencing, the trial court noted that it had not received the presentence investigation report until December 19, 1979, and that it could not have sentenced the defendant until January 1980. The court resentenced the defendant to six years at hard labor, reducing the original ten-year sentence by four years to compensate the defendant for the four-year delay in sentencing. On appeal, the Third Circuit found that the delay was unjustified and without good cause. The court held that the delay must be for good cause or necessitated because of special circumstances. While the court mentioned the State's argument that the defendant had not been prejudiced, the court did not resolve that *386 issue. The court found that the reduced sentence meted out to the defendant on his motion for reconsideration did not cure the unreasonable and unjustified delay. The court held the delay was unreasonable, and thus it vacated the sentence and ordered the defendant discharged.
In Stewart, supra, this court distinguished Bourgeois and Milson by noting that in those two cases "the trial courts had some discretion in determining the length of the sentence to be imposed. . . ." Stewart, 98-1215, p. 4, 732 So.2d at 76. As noted, the sentences in Stewart were mandatory life sentences. However, this court's decision in Stewart was based on the fact that the defendant suffered no prejudice during the forty-month delay in his sentencing. This court did not explain in Stewart or in Howard, supra, how the fact that a trial court has discretion as to the length of a defendant's sentence would or could result in prejudice to a defendant insofar as a delay in sentencing.
The Louisiana Supreme Court said nothing in its 1978 decision in Johnson about a trial court's discretion in imposing a sentence being a factor in determining whether a defendant is entitled to relief for a delay in the imposition of sentence  and in Johnson the trial court did have sentencing discretion, the defendant having been convicted of armed robbery. The Johnson court simply held that the defendant was not entitled to have his conviction and sentence set aside for the delay in the imposition of sentence for the sole reason that he suffered no prejudice as a result of such delay. Moreover, neither the Louisiana Supreme Court in Bourgeois, nor the Third Circuit in Milson, said anything about the trial court's having discretion as to the respective sentences in those cases being a factor in the respective appellate courts' decisions.
In the instant case, the damage visited upon the city's criminal justice system by Hurricane Katrina was a special circumstance distinguishing the instant case from Bourgeois, supra and Milson, supra. Hurricane Katrina struck the city of New Orleans two and one-half months after Watkins was convicted. Unfortunately, no further action was taken in Watkins' case after the hurricane struck until August 23, 2006, when a hearing mistakenly characterized as a pretrial conference was set for August 30, 2006. On that date a pre-sentence investigation hearing was set for September 29, 2006. The pre-sentence investigation report was subsequently noted to be due on March 1, 2007. Watkins was sentenced on March 23, 2007, twenty-one months after his conviction, nineteen months after Hurricane Katrina struck. Watkins apparently remained in custody from the time of his conviction until his sentencing. He received credit for that time served. Watkins does not point to any prejudice he suffered as a result of the delay in the imposition of his sentence. It can be noted that the twenty-one month sentencing delay in the instant case is less than one-half the delay in both Bourgeois, supra and Milson, supra, thus further distinguishing those cases from the instant case.
Considering these facts and circumstances, the delay in imposing sentence upon Watkins was not unreasonable. Even assuming the delay was unreasonable, it did not prejudice Watkins. Therefore, Watkins is not entitled to have his conviction and sentence vacated.
There is no merit to this assignment of error.

Decree
For the foregoing reasons, Watkins' conviction and sentence are affirmed.
AFFIRMED.
CANNIZZARO, J., concurs with reasons.
*387 CANNIZZARO, J., concurs with reasons.
I concur in the majority opinion to affirm the defendant's conviction and sentence. The defendant brings this issue for review as an appeal rather than a supervisory writ as set forth in La. C.Cr.P. art. 874. Additionally, the defendant failed to either object to the sentence or file a notice of his intention to seek supervisory writs. An irregularity or error in the sentencing cannot be availed of after the verdict (the sentencing in this case) unless it was objected to at the time of the occurrence. La.C.Cr.P. art. 841. The defendant raises the issue of the delays in his sentencing for the first time on appeal. Therefore, this court should not reach the merits of this assignment of error. Furthermore, throughout the entire course of the proceedings the defendant never complained about the delays in sentencing. He should be precluded from doing so now.
NOTES
[1] La.C.Cr.P. art. 921 states:

A judgment or ruling shall not be reversed by an appellate court because of any error, defect, irregularity, or variance which does not affect substantial rights of the accused.