922 So.2d 622 (2006)
STATE of Louisiana
v.
Stanley ONSTEAD.
No. 05-KA-410.
Court of Appeal of Louisiana, Fifth Circuit.
January 17, 2006.
Paul D. Connick, Jr., District Attorney, Twenty-Fourth Judicial District, Parish of Jefferson, Terry M. Boudreaux, Thomas J. Butler, Cameron M. Mary, Assistant District Attorneys, Gretna, Louisiana, for Plaintiff/Appellee.
Ralph S. Whalen, Jr., Attorney at Law, New Orleans, Louisiana, for Defendant/Appellant.
Panel composed of Judges JAMES L. CANNELLA, SUSAN M. CHEHARDY, and WALTER J. ROTHSCHILD.
WALTER J. ROTHSCHILD, Judge.
This is the second appeal filed by defendant, Stanley Onstead. In this appeal, defendant argues that: 1) the trial court erred in finding that he validly waived his right to trial by jury; and 2) the trial court erred in permitting the prosecution to question defendant about conversations with his counsel.
Following a bench trial in Jefferson Parish, defendant was convicted of molestation of a juvenile over whom he had supervision and control, a violation of LSA-R.S. *623 14:81.2. In his first appeal, defendant argued that there was insufficient evidence to support his conviction and that the trial court erred in denying his new trial motion. This Court found no merit to those claims, but recognized, on an error patent review, that the validity of defendant's jury waiver was questionable. This Court conditionally affirmed defendant's conviction and sentence, and remanded the case for an evidentiary hearing to determine whether defendant had knowingly and intelligently waived his right to a jury trial. State v. Onstead, 03-1413 (La.App. 5 Cir. 5/26/04), 875 So.2d 908, 918.
On September 3, 2004 and November 19, 2004, the trial court held an evidentiary hearing on the jury waiver issue and ruled that defendant had knowingly and voluntarily waived his right to a jury trial. Thereafter, on January 20, 2005, the trial judge issued a written "Judgment and Reasons." Defense counsel filed a Motion for Appeal, which was granted on November 30, 2004.

FACTS
The facts of this case are found in this Court's opinion on defendant's first appeal, State v. Onstead, supra. Because the facts of the offense are not at issue in this appeal, we need not reiterate them in this opinion.

DISCUSSION
In his first assignment of error in this appeal, defendant argues that the trial court erred in finding a valid waiver of his right to trial by jury, because the record contains insufficient evidence to show that he waived this right. The State responds that the testimony and evidence at trial and the evidentiary hearing show a valid waiver of the right to a jury trial.
Although the right to a jury trial may be waived in non-capital cases, it must be "knowingly and intelligently" waived. LSA-C.Cr.P. art. 780A; LA Const. Art. 1, § 17. Waiver of this right is never presumed. State v. McCarroll, 337 So.2d 475, 480 (La.1976). "Counsel may waive the right on the defendant's behalf, provided that the defendant's decision to do so was made knowingly and intelligently." State v. Pierre, 02-2665 (La.3/28/03), 842 So.2d 321, 322.
Where no valid jury waiver is found in the record, Louisiana's appellate courts have traditionally set aside the defendant's conviction and remanded for a new trial. State v. Williams, 404 So.2d 954, 956 (La. 1981). In remanding the instant case for an evidentiary hearing, this Court followed the procedures set forth in State v. Nanlal, 97-0786 (La.9/26/97), 701 So.2d 963. The Nanlal court held that if, after conducting an evidentiary hearing on the jury waiver issue, the trial court finds the defendant did not make a valid waiver of his right to a jury trial, the court must set aside his conviction and sentence and grant him a new trial. The Nanlal court further reserved to defendant the right to appeal any adverse ruling on the waiver issue. Id. See also State v. Zeringue, 03-697 (La. App. 5 Cir. 11/25/03), 862 So.2d 186, 194, writ denied, 03-3523 (La.4/23/04), 870 So.2d 298; State v. Hampton, 00-1002 (La. App. 5 Cir. 1/23/01), 782 So.2d 1045, 1053-1054.
In the present case, when defendant was arraigned on June 29, 2001, the criminal commissioner advised him in open court as follows: "Sir, this is a felony. You're entitled to a judge or a jury trial." Thereafter, at the commencement of trial on May 1, 2002, the following exchange took place between the judge, defense counsel (Mr. Whalen), and the prosecutor (Mr. Mary):
THE COURT:
All right. Opening statement, State?
MR. MARY:

*624 Judge, I believe Mr. Onstead has to waive
THE COURT:
Oh, yeah. Waive
MR. WHALEN:
Oh, I'm sorry, Your Honor. Yes. For the record, we would waive a jury trial in the matter and request that Mr. Onstead be tried by the Judge alone.
THE COURT:
All right. Opening statement, State?
In its original opinion in this case, this Court noted that defense counsel did not refer to any discussion with defendant on this issue and that there was no indication in the record that defendant knowingly and intelligently waived his right to a jury trial. State v. Onstead, supra at 918.
At the evidentiary hearing on remand, the State called defendant as a witness. Defendant first testified that he had no independent recollection of having been advised that he had a right to be tried by either judge or jury. However, upon being shown a transcript of his arraignment, defendant recalled that the court had advised him of that right, stating "[t]hat refreshes my memory."
Defendant testified that most of his pretrial discussions with defense counsel, Mr. Whalen, had been about money or upcoming court proceedings. Defendant could not recall whether he and Whalen talked about choosing between a jury trial and a judge trial. Defendant did remember, however, that on the day of trial, Whalen informed the court that defendant wished to proceed with a judge trial, and he did not voice an objection.
The prosecutor's examination of defendant concluded with the following exchange:
Q.  "For the record, we would waive a jury trial in the matter and request that Mr. Onstead be tried by the Judge alone." Did you understand what Mr. Whalen just conveyed to the Court on your behalf?
A. Do I understand now or do I understand then?
Q. Did you understand at that time, sir?
A. Yeah, things are pretty  pretty, uh, what would you say 
MR. BORDELON [prosecutor]:
Judge, I'm going 
THE WITNESS:
 going pretty fast?
MR. BORDELON:
 to ask that the witness 
THE WITNESS:
No.
THE COURT:
"Yes" or "No" "Yes" or "No" and 
MR. BORDELON:
 answer the question 
THE COURT:
 you can explain your answer 
THE WITNESS:
I would say I don't know. I don't 
MR. BORDELON:
Q. You didn't know at that time.
A. No. I would 
Q. You 
A.  I would say to you right now, sir, that I wasn't aware of what I was doing.
Q. So 
A. No one asked me any specific questions about my waivers at all.
Q. And  and  and Mr.  and it's your testimony that Mr. Whalen did not discuss with you, prior to him standing up in open Court and waiving your right to a jury trial, it's your testimony that Mr. Whalen did not advise you of that.

*625 MR. WHALEN:
Objection again, Your Honor.
MR. BORDELON:
And I'd like a response to my question, Judge, and if it's "No," once again, there is no privilege, and if it's he doesn't remember, that's his answer, but I'd like a response to my question.
THE WITNESS:
I don't recall.
The State also called assistant district attorney Cameron Mary as a witness at the evidentiary hearing. Mary was the prosecutor who tried the State's case against defendant. He testified that he participated in several pretrial conferences with Mr. Whalen and the judge. Whalen informed both Mary and the judge a number of times that defendant intended to opt for a judge trial. Mary testified that defendant was present at six or more of the pretrial settings, and that there were discussions at those times regarding jury waiver. Although Whalen had made it clear on several occasions that defendant intended to waive a jury trial, Mary never heard defendant himself say that that was his wish.
At the conclusion of the evidentiary hearing, the trial judge found that defendant had knowingly and voluntarily waived his right to a jury trial. In her written Judgment and Reasons, the trial judge said, in part:
Mr. Onstead appeared before this Court on many occasions. He owns his own business as well as buys and sells old books on the internet as a side business. Mr. Onstead appears in every way to have the intelligence not only to understand his right to a jury trial, but also to object if his counsel was doing something against his wishes by electing a judge trial. In addition to his attorney waiving his right to a trial by jury in his presence, Mr. Onstead was informed of his right to a jury trial when he was arraigned before Commissioner Kiff. Later, on the day of trial, he made no objection when his counsel made the election.
Based on the evidence at the hearing, it is clear that defendant was told of his right to a jury trial at his arraignment. However, defendant testified that he did not understand what it meant to waive his right to a jury trial. Moreover, it is not evident from the hearing testimony that he ever expressed to his attorney a desire to waive the right.
The State asserts that defendant's failure to object when his attorney stated his intention to proceed with a bench trial is evidence of a valid jury waiver. However, a jury waiver is only valid if the record shows defendant knowingly and intelligently waived his right to a jury trial. This Court ruled, in defendant's first appeal, that counsel's jury waiver was not, by itself, sufficient to show that defendant waived a jury knowingly and intelligently.
The facts in this case are comparable to those in State v. Lokey, 04-616 (La.App. 5 Cir. 11/30/04), 889 So.2d 1151, writ denied, 04-3195 (La.5/6/05), 901 So.2d 1093. Defendant in that case was convicted, following a bench trial, of driving while intoxicated, fourth offense. This Court conditionally affirmed defendant's conviction on appeal, and remanded to the trial court for an evidentiary hearing to determine whether he had validly waived his right to a jury trial. On remand, the trial court found the evidence was sufficient to show that defendant had knowingly and intelligently waived his right to a jury trial. Defendant took a second appeal, challenging the trial court's ruling, and this Court found the record did not show a valid jury waiver. This Court set aside *626 the trial court's ruling, vacated defendant's conviction and sentence, and remanded for a new trial.
In Lokey, defense counsel testified at the evidentiary hearing on remand. He stated that he had spoken to Lokey on at least two occasions about the benefits of choosing a judge trial and that Lokey indicated he understood the advantages and chose a bench trial. Lokey testified at the hearing that he did not know what kind of trial he was going to have until he arrived in court and his attorney told him he was going to have a bench trial. Lokey further explained that he did not tell the judge that he wanted a jury trial, because he was unfamiliar with the law and did not know what he was allowed to do. In finding that Lokey's jury waiver was knowingly and intelligently made, the trial judge commented that defendant had not given any indication at the time of trial that he did not understand his rights, or that he had some objection to proceeding with a judge trial. Id. at 1153.
In reversing the trial court's ruling, this Court found that the testimony at the evidentiary hearing was inadequate to show that defense counsel sufficiently explained Lokey's rights regarding a jury trial. This Court noted that no discussion of the choice of a judge trial versus a jury trial was made on the record, and defense counsel did not, at trial, refer to any conversation with Lokey on the issue, although he did testify on remand that he had discussed the issue with his client. State v. Lokey, supra at 1154.
In the instant case, there is less evidence of an intelligent and knowing jury waiver than in Lokey. Defendant testified that he did not understand the ramifications of waiving his right to a jury trial, and that he did not recall discussing the matter with his attorney. Mr. Mary, the only other witness at the evidentiary hearing, was not in a position to know how much Mr. Whalen explained to defendant in advance of trial, or how much defendant understood with regard to his jury waiver. The trial judge's Judgment and Reasons shows that she perhaps made some inferences regarding what defendant knew and understood at the time of trial. However, as discussed above, a jury waiver may never be presumed.
Considering the entire record before us, we find that the State failed to show that there was a valid jury trial waiver in this case. Accordingly, we vacate defendant's conviction and sentence, and remand the case for a new trial. Due to our finding that defendant's first assignment has merit, we need not reach defendant's second assignment of error.

ERRORS PATENT
This Court performed an errors patent review of the original record in this case at the time of defendant's first appeal. He is now only entitled to an errors patent review of the record on remand. See State v. Gassenberger, 02-658 (La.App. 5 Cir. 12/11/02), 836 So.2d 271, 274. A review of the instant record does not reveal any patent errors.

DECREE
For the reasons set forth above, we vacate defendant's conviction and sentence, and we remand the case to the trial court for a new trial.
CONVICTION VACATED; SENTENCE SET ASIDE; REMANDED FOR NEW TRIAL.