980 So.2d 65 (2008)
Louie SCHEXNAYDER, Sr. and Michael J. Fernandes
v.
Roy And Norma "Rena" GISH, Rhondalyn Singh Tanwar and Allstate Mortgage Corporation.
No. 07-CA-771.
Court of Appeal of Louisiana, Fifth Circuit.
February 19, 2008.
*66 Cary B. Bryson, Angela S. Bryson, Attorneys at Law, Scott, Louisiana, for Plaintiff/Appellant.
Charles J. Neupert, Jr., Attorney at Law, Shreveport, Louisiana, for Defendant/Appellee.
Panel composed of Judges MARION F. EDWARDS, SUSAN M. CHEHARDY, and GREG G. GUIDRY.
GREG G. GUIDRY, Judge.
The Plaintiffs, Louie Schexnayder, Sr. and Michael J. Fernandez, appeal from a decision of the trial court that granted an exception of venue filed by the Defendants, Roy and Norma Gish (the Gishes), transferring the case to the First Judicial District Court, Parish of Caddo, State of Louisiana. For the reasons that follow, we dismiss the appeal and, considering the matter under our supervisory jurisdiction, grant the writ, reverse the trial court judgment granting the exception of venue, and remand for further proceedings.
The Plaintiffs filed suit for breach of contract, alleging that they were not paid the fee agreed upon in the consultant agreement executed by the Plaintiffs and the Gishes, regarding the Plaintiffs assistance in the sale of certain property. Named as Defendants in the suit were the Gishes, the owners of the property, Allstate Mortgage Corporation, and its employee Rhondalyn Singh Tanwar.
The Gishes initially filed an exception of improper venue, alleging that they were residents and domiciliaries of Caddo Parish, the immovable property that was the subject of the sale was located in Caddo Parish, and the real estate commission agreement was executed in Caddo Parish. In the exception, the Gishes state that Plaintiffs filed the identical suit in the First Judicial District Court for the Parish of Caddo (Caddo case). Prior to a ruling on the exception of improper venue in this case, the Gishes filed an exception of no right of action. The trial court granted the exception of no right of action and the Plaintiffs appealed. In that appeal, a panel of this Court held that the trial court had erred in ruling on the exception of no right of action prior to a ruling on the merits of the exception of venue. The Court vacated the judgment of the trial court and remanded the case. Schexnayder v. Gish, 06-579 (La.App. 5 Cir. 12/27/06), 948 So.2d 313.
On remand, the trial court granted the Gishes' exception of improper venue and ordered the case transferred to the First Judicial District Court in Caddo Parish. It is from this judgment that the Plaintiffs appeal.
La C.C.P. art. 2083, as amended in 2005, provides in pertinent part:
C. An interlocutory judgment is appealable only when expressly provided by law.[1]
This court issued a rule to show cause why the instant appeal should or should not be dismissed in view of the amendment to La. C.C.P. art.2083. Subsequently, the Gishes answered and moved to have the appeal dismissed on the ground that the *67 judgment granting an exception of improper venue was a non-appealable, interlocutory ruling. We agree.
The Legislature amended La. C.C.P. art.2083 in 2005, effective January 1, 2006. In its present form, Article 2083 states that an interlocutory judgment is appealable only when expressly provided by law. The amendment precludes an appeal from a ruling on an exception of improper venue because there is no statute expressly permitting an appeal from such a ruling. This amendment is procedural in nature and since there is no legislative expression to the contrary, the amendment applies both prospectively and retroactively. La. C.C. art. 6. Object Technology Information Specialists Corp. v. Science & Engineering Associates, Inc., 06-0162, p. 3 (La.App. 4 Cir. 2/28/07), 955 So.2d 151, 153. Therefore, because the instant case seeks appellate review of an interlocutory judgment, not provided by law, the appeal is not properly before this court.
Plaintiffs request that, pursuant to this Court's December 9, 2004 En Banc decision, cited in In Re Freed, 05-28 (La. App. 5 Cir. 4/26/05), 902 So.2d 472, we exercise our supervisory authority and convert this appeal to a supervisory writ application. Although this Court subsequently decided En Banc, on October 17, 2006, that the Court will no longer convert appeals to writs, on January 16, 2007, it was decided that improperly filed appeals could be converted to a writ if the panel considering the case determines that the interest of justice demands it.
In this case, given its lengthy pre-trial history, we find the interest of justice demands consideration of the matter under our supervisory jurisdiction. In so considering the matter, we find error in the trial court ruling granting the Gishes venue exception.
Plaintiffs' claim against the Gishes arises out of a Consultant Agreement for the sale of property located in Caddo Parish, Louisiana. The Gishes resided in Caddo Parish at the time the contract was executed. Plaintiff, Michael Fernandez, testified at the hearing on the exception that he and Louis Schexnayder signed the agreement in Jefferson Parish and that he hand-delivered it to Caddo for the Gishes to sign. Much of the work to be done by the Plaintiffs was to, and did, take place in Jefferson Parish. The agreement provided for the Plaintiffs to be paid at the closing, which also took place in Jefferson Parish. The buyer was found through work done in Jefferson Parish and the financing was negotiated in, and provided by Allstate Mortgage Corporation in Jefferson Parish.
The Plaintiffs rely on La. C.C.P. art. 76.1 in support of their argument that venue is proper in Jefferson Parish. La. C.C.P. art. 76.1 provides:
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.
In Jordan v. Central Louisiana Elec. Co., Inc., 95-1270 (La.6/23/95), 656 So.2d 988, the Louisiana Supreme Court held that, under La. C.C.P. art. 76.1, "[a] contract, including one executed in authentic form, may be executed in more than one parish." Thus, the Court found that where the plaintiff had executed the authentic act of sale in Iberia Parish and the defendant had executed it in Rapides Parish, venue was proper in both parishes.
In this case, the testimony was undisputed that the Plaintiffs executed the consulting agreement in Jefferson Parish, where they worked, and the Gishes executed it in *68 Caddo Parish. Therefore, as provided in Jordan, venue is proper in both parishes.
The Gishes argue that "[t]he signatures of Appellants was and is not required on a contract of this type and the fact that they may have signed this agreement in Jefferson Parish or elsewhere is irrelevant for purposes of the C.C.P, Art. 76.1 analysis." However, they cite no authority for this proposition. The contract was titled "Consultant Agreement" and provided an agreement between the parties whereby the Plaintiffs would assist the Gishes in selling their property. A certain agreed upon fee was to be paid at the act of sale, thereby obligating both parties to perform certain acts. According to the testimony, the agreement was signed by the Plaintiffs in Jefferson Parish and by the Gishes in Caddo Parish. It was amended to expressly name Jack Saheid, the ultimate buyer, as a person located by the Plaintiffs. The amendment had the effect of locking in the fee for the Plaintiffs, as per the consulting agreement, if Saheid ultimately bought the property. Upon review, we do not find the Plaintiffs' signatures superfluous to the agreement. Thus, in accord with Jordan, we find no merit in the Gishes' venue exception filed in the Jefferson Parish suit since the agreement was executed in part in Jefferson Parish where the Plaintiffs signed it.
Accordingly, upon dismissing the appeal and reviewing the matter under our supervisory jurisdiction, we find the trial court erred in granting the Gishes' venue exception and transferring the case to Caddo Parish. The ruling is reversed and the matter is remanded for further proceedings.
APPEAL DISMISSED; WRIT GRANTED; RULING REVERSED AND CASE REMANDED.
CHEHARDY, J. concurs with reasons.
CHEHARDY, J., concurring.
While I agree with the result in this matter, I respectfully disagree with the language of the decree stating that the appeal was "dismissed." I believe that the proper procedure would be to convert the pending appeal to a writ application for review under our supervisory jurisdiction. See Ganier v. Inglewood Homes, Inc., 06-0642 (La.App. 4 Cir. 11/08/06), 944 So.2d 753, 757. In all other respects, I agree with the result.
NOTES
[1] Prior to the amendment, appeals could be taken from interlocutory judgments which may cause irreparable harm. This generally included interlocutory rulings on venue.