978 So.2d 1139 (2008)
STATE of Louisiana
v.
Troy McCLOUD.
No. 07-KA-936.
Court of Appeal of Louisiana, Fifth Circuit.
March 11, 2008.
Writ Denied March 24, 2008.
Rehearing Denied April 14, 2008.
Paul D. Connick, Jr., District Attorney, Terry M. Boudreaux, Anne M. Wallis, Frank A. Brindisi, Assistant District Attorneys, Twenty-Fourth Judicial District, Parish of Jefferson, Gretna, LA, for Plaintiff/Appellee.
Laura Pavy, Louisiana Appellate Project, New Orleans, LA, for Defendant/Appellant.
Troy McCloud, Angola, LA, in proper person, pro se.
Panel composed of Judges THOMAS F. DALEY, MARION F. EDWARDS, and WALTER J. ROTHSCHILD.
*1140 THOMAS F. DALEY, Judge.
The defendant has appealed the trial court's ruling that he validly waived his right to trial by jury. For the following reasons, we affirm the judgment of the trial court.
PROCEDURAL HISTORY:
This is defendant's second appeal. In his first appeal, this Court conditionally affirmed defendant's conviction and sentence for distribution of cocaine within 1,000 feet of a school, a violation of LSA-R.S. 40:981.3, and remanded the matter for an evidentiary hearing to determine whether defendant validly waived his right to a jury trial. State v. McCloud, 04-1112 (La.App. 5 Cir. 3/29/05), 901 So.2d 498, writ denied, 05-1450 (La.1/13/06), 920 So.2d 235. This Court instructed the trial court to vacate defendant's conviction and sentence if it found there was no valid jury waiver and to grant defendant a new trial. However, if the trial court found there was a valid jury waiver, the trial court was instructed to affirm defendant's conviction and sentence and allow defendant the right to appeal the adverse ruling. Id.
On remand, the trial court held an evidentiary hearing on June 1, 2006 and on November 15, 2006 judgment was rendered finding defendant knowingly and intelligently waived his right to a trial by jury. Thus, defendant's conviction and sentence were affirmed. Defendant was granted an out-of-time appeal on August 29, 2007.
LAW AND DISCUSSION:
The facts of this case were set forth in this Court's opinion on defendant's first appeal, and because the facts of the offense are not at issue in this appeal, they are not included herein. See State v. McCloud, 04-112 (La.App. 5 Cir. 3/29/05), 901 So.2d 498.
Defense counsel has filed an Anders[1] brief, recognizing that the only potential issue in this appeal concerns whether defendant made a knowing and intelligent waiver of the right to trial by jury. Defense counsel provides that it appears that the decision of the trial court was not an abuse of discretion and moves this Court to grant her Motion to Withdraw and to conduct an errors patent review. Counsel asserts in her Motion to Withdraw, which is attached to her brief, that she has conducted a conscientious and thorough examination of the record herein and found no non-frivolous issue upon which to arguably support an appeal.
The State responds that defense counsel's brief satisfies all requirements for an Anders review. It further responds that defendant's jury trial waiver was valid and presents no issue supporting an appeal.
The defendant filed a pro se brief claiming the state failed to prove he validly waived his right to jury trial.
A defendant in a non-capital case may waive his right to a jury trial provided he knowingly and intelligently does so. LSA-C.Cr.P. art. 780(A). "The waiver must be express and is never presumed." State v. Ruffin, 02-798, p. 12 (La.App. 5 Cir. 12/30/02), 836 So.2d 625, 633, writ denied, 03-3473 (La.12/10/04), 888 So.2d 831. "Although it is preferred for the trial judge to advise the defendant personally on the record of his right to a jury trial and have the defendant waive the right personally on the record, the Louisiana Supreme Court has refused to mandate this method as an absolute rule." Id.
While the trial judge must determine whether the defendant's jury trial waiver is knowing and intelligent, that determination *1141 does not require a Boykin-like colloquy.[2]Id. A trial judge is not obligated to conduct a personal colloquy inquiring into the defendant's educational background, literacy, and work history. State v. Allen, 05-1622, (La.App. 1 Cir. 3/29/06), 934 So.2d 146 (citation omitted).
At the evidentiary hearing regarding defendant's waiver of his right to a jury trial, defendant's former counsel, John Thomas, testified. Mr. Thomas stated that he remembered the trial very well and recalled having discussions with defendant about his right to a jury trial. Mr. Thomas testified that he told defendant it was his choice whether to have a jury or a judge trial. However, Mr. Thomas strongly recommended that defendant choose a jury trial based on the type of case it was. Mr. Thomas testified that the jury actually came into the room before defendant decided he did not want a jury trial[3]. Once defendant told Mr. Thomas he did not want a jury trial, Mr. Thomas informed the court defendant did not want a jury trial and they proceeded with a bench trial. Mr. Thomas explained that he made defendant aware that he would present the case on his behalf and explained the voir dire process to him, including that he would have the right to exclude a number of jurors with peremptory challenges. However, Mr. Thomas testified that it was defendant's decision to waive the jury.
Mr. Thomas testified defendant was lucid and appeared to understand what he was doing when he had these discussions with defendant. He stated that discussions about the jury trial occurred prior to the day of trial.
After being questioned by the trial judge at the hearing, Mr. Thomas agreed that defendant was fully aware of his right to a trial by jury and made his own decision to waive this right. The trial judge asked Mr. Thomas if he had explained to defendant the advantages and disadvantages of a jury trial and of a judge trial and Mr. Thomas responded,
Yes. And Mr. McCloud was, compared to most of the clients I deal with, Mr. McCloud was very savvy legally, he had filed his own federal lawsuit, and he had done a number of pleadings on his own, and I thought he was quite aware of what his rights were.
At the hearing on remand, defendant also testified. He testified that he did not recall the trial judge advising him of his right to a jury or judge trial and did not recall Mr. Thomas advising him of his rights to a judge or jury trial at any time. He explained that he only had one conversation with Mr. Thomas before trial and did not remember Mr. Thomas saying anything to him regarding having a jury trial. He testified that Mr. Thomas did not want to talk to him. He stated that he never *1142 told Mr. Thomas about the facts of his case prior to trial. He further testified that he was not aware he could have a jury trial and explained that he did not know the difference between the jury trial and judge trial on the day of trial. He found out the difference later. Defendant did not recall the jury being in the courtroom. Defendant testified it was Mr. Thomas' choice to waive the jury trial and to have a judge trial.
The matter was taken under advisement and later a judgment was rendered holding that defendant knowingly and intelligently waived his right to a jury trial.
The testimony of Mr. Thomas supports the judgment that there was a valid waiver of the jury trial. Based on this testimony, we find defendant's contention that the state failed to prove that he validly waived his right to jury trial to be without merit. Additionally, after reviewing the record on remand, we find that the record does not reveal any non-frivolous issues for appeal and counsel has complied with her obligations under Anders, supra.
As such, defense counsel's Motion to Withdraw is granted.
ERROR PATENT DISCUSSION:
Defendant received an errors patent review upon his original appeal; accordingly he is now only entitled to an errors patent review of the record on remand. State v. Onstead, 05-410 (La.App. 5 Cir. 1/17/06), 922 So.2d 622 (citation omitted).
Our errors patent review of the record indicates that the judgment finding defendant validly waived his right to jury trial was not signed by the same judge who held the evidentiary hearing on this issue. LSA-R.S. 13:4209 A provides:
In all cases heard and taken under advisement of the district judge or judges of the city courts, if the judge before whom a case is tried dies, resigns, or is removed from office, or if his term expires before rendering his judgment in the case, his successor in office shall decide the case from the evidence in the record, if all of the testimony is in writing. If it is a case in which the testimony has not been reduced to writing, the succeeding judge shall decide the case from a statement of the facts, if one is found in the record, or if the parties to the suit agree upon a statement of facts. If the testimony is not in the record, and there is no statement of facts, the case shall be tried de novo.
At the conclusion of the evidentiary hearing, the judge stated he was going to take this matter under advisement and further stated:
. . . having sat through that trial, obviously it was apparent to me that Mr. Thomas did have a very good working knowledge of the facts of the case, and was able to represent the defendant in a very very adequate manner, in a way that he could not have done, had he not taken the basic steps of the case when it came down to the defendant and his testimony.
This matter was assigned to Division E of the 24th Judicial District Court for the Parish of Jefferson. Judge Greg Guidry presided over defendant's trial and the evidentiary hearing on remand. Judge Guidry was then elected to this Court and the judgment was signed by the judge who was appointed to sit in Division E until the vacancy was filled. Since all the evidence and testimony on this limited issue was in writing, the successor judge was empowered by statute to decide the case from the evidence in the record.
Thus, although our review of the record indicated the judgment was signed by a judge other than the one who presided over the evidentiary hearing, this is allowed *1143 by statute and no corrective action is needed.
CONCLUSION:
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED; MOTION TO WITHDRAW GRANTED
NOTES
[1] Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).
[2] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
[3] In McCloud, the following was noted:

The minute entry for November 11, 2003, the day of trial, reflects that `The Defendant waived his rights to a jury trial.' The transcript of that proceeding shows that the following exchange took place just before the commencement of trial:
MR. THOMAS:
Your Honor, Mr. McCloud informed me as the jury was coming into the room that he had changed his mind and wanted to go with a Bench trial.
THE COURT:
Well, it's certainly his prerogative.
MR. THOMAS:
I apologize to the Court that we didn't notify you earlier, but it is Mr. McCloud's choice.
THE COURT:
Well, as long as he is aware that once the trial beginsand it will begin as soon as the State calls its first witnessthat he can't change his mind once again on that.
McCloud, 04-1112 at 6, 901 So.2d at 503-04.