SUSAN M. CHEHARDY, Judge.
 

 li>On May 7, 2002, a twelve-person jury convicted defendant, Larry Sims, of four counts of armed robbery, in violation of La. R.S. 14:64. The trial judge sentenced defendant to 99 years at hard labor on each count, concurrent, without benefit of parole, probation, or suspension of sentence. The trial court subsequently adjudicated defendant as a second felony offender, vacated defendant’s sentence on count one, and re-sentenced him as a habitual offender to 110 years without benefits, to run concurrently with his other three sentences.
 

 On appeal, this Court affirmed defendant’s convictions and habitual offender sentence.
 
 State v. Sims,
 
 02-1244, p. 2 (La.App. 5 Cir. 4/29/03), 845 So.2d 1116, 1118,
 
 writ denied,
 
 03-2189 (La.8/20/04), 882 So.2d 570. On error patent review, we noted that the trial court had failed to observe the statutorily-mandated 24-hour delay in sentencing after denying defendant’s motions for new trial and post-ver-
 
 *342
 
 diet judgment of acquittal.
 
 [1]
 
 Accordingly, this Court vacated defendant’s [¡¡sentences for count two, count three, and count four, and remanded for re-sentencing.
 
 [2]
 

 Id.
 

 On remand, the district court resen-tenced defendant on count two and count three, but inadvertently failed to impose sentence on count four. Defendant sought post-conviction relief on other grounds, which was denied. When defendant subsequently filed a writ of habeas corpus in federal district court, the judge discovered this oversight, and ordered “the State ... [to] immediately take whatever action is necessary, if any, to insure that petitioner is properly resentenced on Count Four.”
 
 Sims v. Cain,
 
 2009 WL 700680 (E.D.La.2009).
 

 On April 2, 2009, defendant filed a pro se motion to quash in the trial court, arguing his conviction on count four should be quashed due to the unreasonable delay in sentencing. The record does not show that the trial court ruled on defendant’s motion. On May 19, 2009, the trial court resentenced defendant on count four to 99 years at hard labor, without benefit of parole, probation, or suspension of sentence. On June 5, 2009, defendant filed a timely motion for appeal, as well as a duplicate motion to quash. On June 11, 2009, the trial court issued an order granting the appeal motion and denying the motion to quash.
 

 Facts
 

 Because this appeal addresses defendant’s (re)sentencing on a conviction that was previously affirmed, we need not repeat the well-written statement of facts from our opinion on defendant’s first appeal.
 
 See, State v. Sims,
 
 02-1244 at 3-4, 845 So.2d at 1118-19.
 

 In his first assignment of error, defendant argues that the trial court erred in failing to quash his conviction on count four. He argues that he was prejudiced by 14the six-year delay between his conviction and his resentencing, contending that it impeded his access to appellate relief. The State responds that defendant waived his first motion to quash when he proceeded to resentencing without requesting a ruling. The State further argues that, under La.C.Cr.P. art. 916, the trial court was divested of jurisdiction over defendant’s case when it issued the order of appeal, and therefore, the trial court correctly denied the second motion to quash.
 

 A defendant’s constitutional right to a speedy trial does not encompass sentencing, but a defendant is statutorily entitled to imposition of sentence without unreasonable delay.
 
 State v. Johnson,
 
 363 So.2d 458, 461 (La.1978). La.C.Cr.P. art. 874 provides that “[s]entence shall be imposed without unreasonable delay. If a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court.”
 
 [3]
 

 Principles of due process prohibit inordinate delays in post-conviction imposition of sentence when the delay causes prejudice to the defendant.
 
 State v. Duncan,
 
 396 So.2d 297, 299 (La.1981). The sanction for unreasonable delay in sentenc
 
 *343
 
 ing is divestiture of the trial court’s sentencing jurisdiction.
 
 City of Baton Rouge v. Bourgeois,
 
 380 So.2d 63, 64 (La.1980) (per curiam). An “unreasonable delay” is determined on a case-by-case basis.
 
 Id.
 

 First, we note that defendant raises this issue on appeal, although La.C.Cr.P. art. 874 specifically provides for relief by supervisory review. While we agree that this matter is properly considered by supervisory writ of review, we will handle this specific matter for a number of reasons: first, it is procedurally anomalous;
 
 [4]
 
 second, the interests of justice call for prompt attention after a six-year delay in | r,sentencing; and third, addressing both claims now enables this Court to preserve its resources and promotes judicial efficiency.
 
 [5]
 

 Next, we agree with the State that defendant waived his motion to quash his conviction when he proceeded to re-sentencing without requesting a ruling on the first motion to quash. It is well-settled that, when a defendant proceeds to trial without raising the issue that his pretrial motions were outstanding, that defendant waives those pending motions.
 
 See, State v. Fletcher,
 
 02-707, p. 5 (La.App. 5 Cir. 12/30/02), 836 So.2d 557, 559,
 
 writ denied,
 
 03-0409 (La.10/10/03), 855 So.2d 334. Therefore, we find that defendant waived his first motion to quash.
 

 As to defendant’s second motion to quash, which was filed after defendant was resentenced, we find no error in the ruling on that motion. The district court was correct in holding that, upon granting the motion for appeal, it was divested of jurisdiction under La.C.Cr.P. art. 916, and as a consequence, could not rule on the merits of defendant’s second motion to quash.
 
 [6]
 

 Besides, even if we were to address the merits of defendant’s motion to quash, defendant does not show how he has been prejudiced by the delay in re-sentencing. In this case, defendant’s multiple armed-robbery convictions had been affirmed and, during the six-year delay before re-sentencing on count four, he was imprisoned on three concurrently-imposed sentences: 110-year enhanced sentence and two 99-year sentences.
 

 In his brief, defendant argues that he was prejudiced by the delay in resentenc-ing because he was “unable to fight the conviction and sentence at a higher | f,court or federal level because all of the procedures available for him to challenge his conviction require that a legal sentence be imposed.” We cannot agree that he was unable to seek relief at a higher level because, pursuant to his own writ of habe-as corpus filed in federal district court, the district judge discovered the sentencing issue at hand. Therefore, like the Louisi
 
 *344
 
 ana Supreme Court in
 
 State v. Johnson,
 
 363 So.2d 458, 461 (La.1978), we recognize that defendant had a statutory right to imposition of sentence without unreasonable delay, but we decline to address whether a six-year delay was reasonable in this case because the defendant did not suffer any prejudice by the delay.
 
 Id.
 
 at 460-61.
 

 In his second assignment of error, defendant complains that on resentencing, the district court judge—who did not preside over the trial or the original sentencing—imposed the statutory maximum sentence of 99 years without familiarizing himself with the facts of the case, and without articulating his reasons for sentencing. Thus, defendant argues, the sentence is excessive, and should be set aside. The State responds that the sentence imposed was not excessive.
 

 The record shows that when the district court resentenced defendant on May 19, 2009, defense counsel simply stated, “Please note our objection to the sentence, Your Honor.” Defendant did not challenge the sentence by way of an oral or written motion to reconsider sentence pursuant to La.C.Cr.P. art. 881.1.
 

 The failure to file a motion to reconsider sentence, or to state the specific grounds upon which the motion is based, limits a defendant to a review of the sentence for constitutional excessiveness. La. C.Cr.P. art. 881.1;
 
 State v. Clark,
 
 05-61, p. 16 (La.App. 5 Cir. 6/28/05), 909 So.2d 1007, 1017,
 
 writ denied,
 
 05-2119 (La.3/17/06), 925 So.2d 538.
 

 The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of excessive punishment. A | 7sentence is considered excessive, even when it is within the applicable statutory range, if it is grossly disproportionate to the offense or imposes needless and purposeless pain and suffering.
 
 State v. Warmack,
 
 07-311, p. 7 (La.App. 5 Cir. 11/27/07), 973 So.2d 104,109.
 

 In reviewing a sentence for exces-siveness, the appellate court must consider the punishment and the crime in light of the harm to society and gauge whether the penalty is so disproportionate as to shock the sense of justice. The trial judge is afforded wide discretion in determining sentence, and the court of appeal will not set aside a sentence absent a clear abuse of the trial court’s discretion.
 
 State v. Brown,
 
 04-230, p. 4 (La.App. 5 Cir. 7/27/04), 880 So.2d 899, 902. Accordingly, the relevant question on appeal is whether the trial court abused its broad sentencing discretion, and not whether another sentence might have been more appropriate.
 
 State v. Cook,
 
 95-2784, p. 3 (La.5/31/96), 674 So.2d 957, 959,
 
 cert. denied,
 
 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996).
 

 Here, defendant’s 99-year sentence is the maximum allowed for armed robbery under La. R.S. 14:64 B.
 
 [7]
 
 It is the same sentence he received from the judge who presided over the trial. In this case, defendant admitted to police that he entered a bank armed with a semi-automatic weapon.
 
 State v. Sims,
 
 02-1224 at 4, 845 So.2d at 1119. He participated in the robberies of several bank employees, thereby putting lives at risk. In addition to the three other counts of armed robbery in the instant case, defendant had prior convictions for distribution of cocaine and aggravated
 
 *345
 
 battery.
 
 Id.,
 
 02-1224 at 2-3, 845 So.2d at 1118.
 

 Immediately after trial, the trial judge sentenced defendant to four concurrent 99-year sentences for his four armed robbery convictions. Due to a procedural irregularity, we vacated and remanded for re-sentencing. At the 2003 re-sentencing, |sthe original trial judge, due to an oversight, failed to re-sentence defendant on one armed robbery count. However, that day, the same trial judge re-sentenced defendant on two other armed robbery concurrently-sentenced convictions to 99 years, the same length as the original sentence and the maximum allowed under the statute.
 

 We find it probable that the original trial judge, if given an opportunity six years later, would have imposed a 99-year sentence, as he had twice done for each of defendant’s prior counts of armed robbery. We believe that the re-sentencing judge could adequately ascertain, as we have, the original judge’s sentencing intent with regard to defendant’s fourth armed robbery conviction. We find no merit in defendant’s argument that his sentence is excessive.
 

 Finally, defendant requested an error patent review in accordance with La. C.Cr.P. art. 920. We have reviewed the record on remand which revealed no errors.
 
 See, State v. McCloud,
 
 07-936, pp. 7-8 (La.App. 5 Cir. 3/11/08), 978 So.2d 1139, 1142,
 

 AFFIRMED.
 

 [1]
 

 .
 
 See,
 
 La.C.Cr.P. art 873.
 

 [2]
 

 . This court did not vacate defendant's habitual offender sentence on count one because the failure to observe the 24-hour delay was harmless, since the original sentence on that count had been vacated at the habitual offender proceeding.
 

 [3]
 

 .Comment (d) to La.C.Cr.P. art. 874 provides: "To avoid clogging the supreme court docket with frivolous appeals on claims of unreasonable delay between conviction and sentence, this article provides for discretionary supervisory writs, rather than a right of appeal.”
 

 [4]
 

 .
 
 State v. Stewart,
 
 98-1215 (La.App. 4 Cir. 3/10/99), 732 So.2d 74, n. 1,
 
 writ denied,
 
 99-1059 (La.9/24/99), 747 So.2d 1116;
 
 State v. Milson,
 
 458 So.2d 1037, 1039 (La.App. 3 Cir. 1984).
 

 [5]
 

 . On January 16, 2007, the Court modified its policy to allow an appeal to be converted to a writ application, if the panel considering the case determined that the interest of justice demanded it.
 
 See also Schexnayder v. Gish,
 
 07-771, p. 4 (La.App. 5 Cir. 2/19/08), 980 So.2d 65, 67. In the instant case, defendant raises one writable claim and one appealable claim (i.e., excessive sentence). If we dismissed this appeal, defendant would lose his right to raise the excessive sentence claim on direct review or in a later application for post-conviction relief.
 

 [6]
 

 .La.C.Cr.P. art. 916 provides, in part, that, “The jurisdiction of the trial court is divested and that of the appellate court attaches upon the entering of the order of appeal. Thereafter, the trial court has no jurisdiction to take any action except as otherwise provided by law.” Defendant's motion to quash does not fall under any of the eight exceptions listed.
 

 [7]
 

 . At the time of defendant's offense, the sentencing range for armed robbery was ten to 99 years at hard labor, without benefit of parole, probation, or suspension of sentence. La. R.S. 14:64 B.