35 So.3d 1141 (2010)
Brad L. ROBIN, Dale Harry Borden, Harry Dale Borden, Pero Cibilic, Clear Water Oysters, Inc., Joseph B. Collins, Anthony E. Esteves, Jr., Anthony E. Esteves, III, Carol A. Gonzales, Joseph R. Gonzales, Joseph A. Gonzales, Selina M. Gonzales, Wayne A. Gray, et al.
v.
STATE of Louisiana Through the DEPARTMENT OF NATURAL RESOURCES, Charles C. Foti, Jr., Attorney General, Governor Kathleen Babineaux Blanco.
No. 2009-CA-1383.
Court of Appeal of Louisiana, Fourth Circuit.
March 24, 2010.
F. Gerald Maples, Carlos A. Zelaya II, Machelle R. Lee Hall F. Gerald Maples, P.A., New Orleans, LA, Wayne B. Mumphrey, J. Wayne Mumphrey, Mumphrey Law Firm L.L.C., Slidell, LA, Clayton M. Connors, Mumphrey Law Firm, L.L.C., New Orleans, LA, for Plaintiffs/Appellants.
Andrew C. Wilson, Daniel J. Caruso, Susan F. Clade, Simon Peragine Smith & Redfearn, L.L.P., New Orleans, LA, for Defendants/Appellees.
(Court composed of Judge PATRICIA RIVET MURRAY, Judge TERRI F. LOVE, Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
Plaintiffs, Brad. L. Robin et al, bring forth a devolutive appeal asking this Court to review the trial court's decision to grant the Exception of Improper Venue filed by defendants, the State of Louisiana, through its Department of Natural Resources, Office of the Attorney General, and Office of the Governor. For the reasons provided below, plaintiffs' appeal is dismissed.
Plaintiffs aver that the trial court erred in determining that the proper venue for this matter is the Nineteenth Judicial District for the Parish of East Baton Rouge. The Notice of Signing of Judgment granting defendants' Exception of Improper Venue was issued on June 16, 2009. The trial court ordered plaintiffs to file an application for supervisory writ by July 10, 2009. Plaintiffs timely filed an application with this Court on July 10, 2009.
On July 28, 2009, this Court declined to consider plaintiffs' application, as it "fail[ed] to comply with Rule 4-5(h) of the Uniform Rules, Courts of Appeal. Rule 2-12.13, Uniform Rules, Courts of Appeal." Plaintiffs thereafter filed a Petition for Appeal with the trial court on August 14, 2009. The deadline for filing a suspensive appeal had passed, and plaintiffs therefore expressed a "desire to appeal devolutively."
A granting of an exception of improper venue is a non-appealable, interlocutory ruling. Schexnayder v. Gash, 07-771, p. 3-4 (La.App. 5 Cir. 2/19/08), 980 So.2d 65, 66-67. La.Code Civ. Proc. art. 2083 states that an interlocutory judgment is appealable only when expressly provided by law. This precludes an appeal from a ruling on an exception of improper venue because there is no statute expressly permitting an appeal from such a ruling. Schexnayder, 980 So.2d at 67.
What plaintiffs present before this Court is a non-appealable interlocutory judgment. It has not been rendered a final judgment or partial final judgment. La.Code Civ. Proc. arts. 1911, 1915(B). *1142 The correct course of action for appellate review was to file an application for supervisory writ. This Court ruled that plaintiffs' application was deficient. This Court declines to convert plaintiffs' appeal of an interlocutory judgment into another application for supervisory writ. Therefore, plaintiffs' appeal is dismissed.
APPEAL DISMISSED.