SUSAN M. CHEHARDY, Judge.
|2In his second appeal, Mr. Davis challenges his habitual offender sentence. For the reasons that follow, we grant defendant’s writ of review, deny relief, and affirm his habitual offender sentence.

Facts and Procedural History

Because Mr. Davis only challenges his habitual offender resentencing, a very brief overview of the facts is provided. On December 18, 1993, the police were notified of an unauthorized entry into Dona’s Office Lounge, a bar on the Westbank Expressway. When the officers arrived at the scene, they observed Barry Davis, defendant herein, exiting the front door of the bar. The officers testified that the defendant told them that he was not an employee of the bar, but that he was there to rob the bar. Both officers testified that the front door to the bar had been pried open, and they found a crow bar inside the lounge.
On January 12, 1994, the Jefferson Parish District Attorney filed a bill of information charging defendant, Barry L. Davis, with simple burglary, in violation of La. R.S. 14:62. On March 23, 1994, a six-person jury unanimously found the | defendant guilty as charged. That same day, the State filed a habitual offender bill of information alleging that defendant was a quadruple felony offender.
On April 12, 1995, more than one year after his conviction, the trial court sentenced defendant on the underlying charge to twelve years imprisonment at hard labor with credit for time served. That same day, defendant denied the allegations contained in the habitual offender bill of information. On April 18, 1995, the trial judge heard and denied defendant’s pro se and counseled Motions for New Trial and Post-Verdict Judgment of Acquittal.
On June 18, 1996, which was more than one year after his sentencing on the underlying felony, the trial judge held a hearing on the habitual offender bill of information. At the conclusion of the hearing, the trial judge found defendant to be a quadruple felony offender and imposed an enhanced sentence of ninety (90) years imprisonment at hard labor. That same day, defendant filed his notice of appeal regarding his underlying conviction and habitual offender adjudication, which was granted.
On September 25, 1996, the record in defendant’s first appeal was lodged with this Court. On appeal, defendant challenged his ninety-year enhanced sentence on the basis that the trial court erred in considering two previous guilty pleas as separate predicate offenses. State v. Davis, 96-KA-796 (La.App. 5 Cir. 4/29/97) (not designated for publication).
On April 29, 1997, this Court affirmed defendant’s conviction and habitual offender adjudication but remanded “for resen-tencing only,” due to sentencing errors made by the trial court. Specifically, in its ruling, this Court found that there were four noted errors: “(1) the trial judge failed to vacate the 12-year enhanced sentenced imposed on April 12, 1995 before sentencing Davis as a habitual offender; (2) the trial judge failed to rule on Davis’ motion for new trial before ^sentencing; (3) Davis was not fully advised of the contents of La.C.Cr.P. art. 930.8(C); and (4) Davis was not given credit for time served.” Id.
The appellate record before this Court does not reflect any filings from June 1997 until February 28, 2003. On that date, the defendant filed an application for supervisory review, arguing that the trial court should be divested of jurisdiction to resen-tence him due to the “unreasonable and prejudicial” six-year delay from this Court’s remand order. On March 11, 2003, this Court granted defendant’s writ *905 application and ordered the lower court to “take any necessary sentencing action.”[1]
On March 18, 2003, the trial court, pursuant to this Court’s Order, reviewed the district court record, noted that “no application for post-conviction relief had been filed,” and denied defendant’s “motion.” On July 17, 2003, the defendant filed another writ application with this Court seeking mandamus on the basis that the district court had failed to take any action. On August 19, 2003, this Court denied defendant’s writ application after considering the trial court’s March 18, 2003 ruling.[2]
On December 2, 2003, defendant again filed a writ application with this Court seeking to divest the district court of jurisdiction to resentence. On December 5, 2003, this Court denied defendant’s writ application, finding “the district court ruling of March 18, 2003 did not re-sentence [sic] relator. Accordingly, relator’s application for review of his re-sentencing[sic] is denied.”[3]
On November 19, 2009, defendant filed his fourth application for supervisory review with this Court. In it, defendant sought “immediate release from custody because the trial court failed to resentence him as a habitual offender | ¿before completion of his original sentence on the underlying conviction.”[4] In the interest of justice, we have consolidated that filing with defendant’s appeal herein.
Thereafter, on September 17, 2010, the Jefferson Parish District Attorney’s Office filed a writ of habeas corpus to have the defendant brought before the trial court for resentencing on the habitual offender bill of information as ordered by this Court on April 29, 1997. On October 18, 2010, the trial court found that defendant was a fourth felony offender, vacated his underlying sentence of 12 years, and imposed an enhanced sentence of 35 years at hard labor, without the benefit of probation or suspension of sentence, and with credit for all time served. The trial court further ordered that defendant’s sentence be served concurrently to any sentence defendant may currently be serving, or may have been serving at the time of the original habitual bill sentencing.
On November 4, 2010, defendant filed a pro se Motion for Reconsideration of Sentence, contesting the amount of time that had elapsed before the trial court re-sentenced him after this Court’s remand order. The defendant also filed a Motion for Appeal. The trial court denied defendant’s Motion to Reconsider Sentence, and granted defendant’s Motion for Appeal on November 19, 2010.
On appeal, defendant raises one counseled and two pro se assignments of error. Defendant raises the same claim in his counseled assignment and his second pro se assignment, which is that the trial court failed to rule on defendant’s motion for new trial as ordered by this Court before resentencing defendant.[5] In response, the State correctly avers that all of defendant’s counseled and pro se Motions for New Trial were ruled upon before defendant was resentenced as a habitual *906 | r,offender. We agree. The record before us reflects that, before imposing defendant’s enhanced sentence in 2010, the trial court ruled on each and every Motion for New Trial, counseled and pro se, filed by defendant. These assignments of error are without merit.
Next, we address defendant’s contention that his enhanced sentence should be vacated because the trial court had no authority to resentence him.[6] Defendant specifically argues that the trial judge was divested of its jurisdiction to resentence defendant once defendant had served his original sentence of twelve years. Defendant contends that the sentencing delay in this case is unreasonable so his sentence should be vacated.
Habitual offender proceedings under La. R.S. 15:529.1 need not be completed prior to the time the defendant satisfies the original sentence imposed by the trial court. State v. Muhammad, 03-2991 (La.5/25/04), 875 So.2d 45, 54. Although La. R.S. 15:529.1 does not specify a time within which a habitual offender bill of information must be filed, the habitual offender bill must still be filed within a reasonable time. Id.
Further, La.C.Cr.P. art. 874 provides that a sentence shall be imposed without unreasonable delay. The Louisiana Supreme Court has held that a case-by-case evaluation is warranted to determine whether a habitual offender proceeding has been promptly concluded. Muhammad, 875 So.2d at 55. In evaluating whether delays in concluding the proceeding are unexplained or extraordinarily long, courts may look to relevant speedy trial considerations, including the length of the delay, the reasons for the delay, the accused’s assertion 17of her right to speedy trial, and the prejudice to the accused resulting from the delay. Id. While these factors are neither definitive nor disposi-tive in the context of a habitual offender proceeding, they are instructive in determining whether the habitual offender hearing is held and the proceeding completed within a reasonable time. Id. “Abusive or vindictive delay should not be tolerated.” Id.
In this case, defendant was convicted of simple burglary on March 23, 1994. On the same date, the State filed a habitual offender bill of information. Thus, there is no question that the State did not delay in filing the habitual offender bill of information in this case. In fact, defendant had notice on the day that he was convicted of the underlying felony that the State sought to prove that he had prior felony convictions, which would dictate an enhanced penalty for the underlying felony.
More than one year later, defendant was sentenced to twelve years at hard labor on the underlying charge on April 12, 1995. More than one year after that, the trial court, after a hearing on June 16, 1996, adjudicated defendant to be a fourth felony offender, and imposed an enhanced sentence of ninety years at hard labor. On April 29, 1997, this Court affirmed defendant’s habitual offender adjudication but remanding “for resentencing only.”
*907 In 2008, defendant began filing applications for post conviction relief in the district court and applications for supervisory-review in this Court, alleging that the trial court had failed to comply with this Court’s 1997 Order to resentence him. In response to one of those writ applications to this Court, we ordered the trial court to “take any necessary sentencing action.”[7]
On October 18, 2010, thirteen years after this Court vacated defendant’s original enhanced sentence and remanded for re-sentencing, the trial court vacated | sdefendant’s underlying twelve-year sentence and imposed an enhanced sentence of thirty-five years. On November 4, 2010, defendant filed a pro se Motion for Reconsideration of Sentence, contesting the amount of time that elapsed before the court resentenced him. On November 19, 2010, the trial court denied defendant’s Motion, finding that defendant was not entitled to the relief sought.
Here, the defendant in this case knew on the day that he was convicted that the State sought to prove that he had previous felonies to support an enhanced penalty. Further, defendant was adjudicated a fourth felony offender in 1996, which was affirmed by this Court in 1997. His habitual offender adjudication was final in 1997; thus, he was aware that he would be sentenced as a fourth felony offender no later than 1997. Further, defendant has been continually incarcerated since his arrest on this offense in 1993.
Finally, it is accurate that defendant had completed his twelve-year underlying sentence when he was resentenced. As a fourth felony offender, however, defendant was subject to a mandatory minimum sentence of 20 years.[8] Defendant has failed to show how he was prejudiced by the delay in resentencing.
Moreover, the delay in the habitual offender resentencing did not violate defendant’s right to a speedy trial. The record before us indicates that the delay was principally caused by lack of movement of defendant’s case in the district court, and not by any abusive action by the State. Based on the foregoing, this assignment of error lacks merit.

Errors Patent

| (Although defendant is not entitled to a second error patent review of his underlying conviction and sentence, we have reviewed the record of defendant’s habitual offender resentencing, pursuant to La.C.Cr.P. art. 920. See State v. Taylor, 01-452 (La.App. 5 Cir. 11/14/01), 802 So.2d 779, 783-84, writ denied, 01-3326 (La.1/10/03), 834 So.2d 426. Our review reveals no errors patent in this case.

WRIT GRANTED, RELIEF DENIED; SENTENCE AFFIRMED

WICKER, J., dissents and assigns reasons.

. State v. Davis, 03-264 (La.App. 5 Cir. 3/11/03) (unpublished writ disposition).

. State v. Davis, 03-873 (La.App. 5 Cir. 8/19/03) (unpublished writ disposition).

. State v. Davis, 03-1390 (La.App. 5 Cir. 12/05/03) (unpublished writ disposition).

. State v. Davis, 09-991.

.La.C.Cr.P. art. 853 provides, in pertinent part, that “[a] motion for a new trial must be filed and disposed of before sentence.” This Court has held that sentencing' prior to a ruling on a motion for new trial must be set aside and the case remanded for a ruling on the motions and then re-sentencing. State v. Wilson, 96-251 (La.App. 5 Cir. 10/1/96), 683 So.2d 775, writ denied, 754 So.2d 935 (La.2/11/00).

. Defendant raised this error in his pro se writ application and in his first pro se assignment of error on appeal. This claim is properly raised in a supervisory writ application. La. C.Cr.P. art. 874("[i]f a defendant claims that the sentence has been unreasonably delayed, he may invoke the supervisory jurisdiction of the appellate court.”) In this case, we will address this claim because defendant properly raised this claim in his supervisory writ application, which has been consolidated with the instant appeal by order of this Court. Cf. State v. Sims, 09-509 (La.App. 5 Cir. 2/12/10), 33 So.3d 340, 343, writ denied, 10-596 (La.10/8/10), 46 So.3d 1264 ("unreasonable sentencing delay” considered on appeal in the interest of justice and judicial efficiency).

. State v. Davis, 03-264 (La.App. 5 Cir. 3/11/03)(unpublished writ disposition).

. At the time of defendant's resentencing on October 18, 2010, defendant had served fifteen years in prison. Having been adjudicated a fourth felony offender, defendant was subject to a mandatory twenty-year sentence under the Habitual Offender Law as it existed at the time defendant committed the underlying offense.
La. R.S. 15:529.1(A)(1) provided, in pertinent part:
(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life then,
(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.